IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Fowler Meloan, ) | C/A No. 0:12-1680-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Robert Stevenson, *Warden BRCI*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Edward Fowler Meloan ("Meloan"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 17.) Meloan filed a response in opposition. (ECF No. 20.) Having carefully considered the parties' submissions and the record in this case, the court finds that Meloan's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

Meloan waived indictment by the Aiken County Grand Jury for five counts of lewd act on a minor, six counts of contributing to the delinquency of a minor, and one count of unlawful sexual exploitation of a minor (2007-GS-1848 through -1859). Meloan was represented by Victor Hawk, Esquire, and Charles H.S. Lyons, III, Esquire, and on October 9, 2007, pled guilty as charged. (App. at 10, ECF No. 16-1 at 12.) The circuit court sentenced Meloan to ten years' imprisonment for each

count of lewd act on a minor, three years' imprisonment for each count of contributing to the delinquency of a minor, and ten years' imprisonment for unlawful sexual exploitation of a minor, each sentence to be served consecutively for an aggregate sentence of seventy-eight years' imprisonment. (App. at 43-45, ECF No. 16-1 at 45-47.)

Meloan filed an application for post-conviction relief ("PCR") on September 29, 2008. (Meloan v. State of South Carolina, 08-CP-02-1648, ECF No. 16-3.) On July 14, 2010, the PCR court held an evidentiary hearing at which Meloan appeared and testified and was represented by James H. Moss, Esquire. By order dated August 12, 2010, the PCR judge denied and dismissed Meloan's PCR application with prejudice. (App. at 175-88, ECF No. 16-2 at 49-62.)

Meloan, who continued to be represented by James H. Moss, Esquire, appealed the decision of the PCR court by filing a petition for a writ of certiorari. (ECF No. 16-5.) The State filed a return (ECF No. 16-6), and Meloan replied (ECF No. 16-7). By letter order dated January 11, 2012, the South Carolina Supreme Court denied Meloan's petition for a writ of certiorari. (ECF No. 16-8.) The remittitur was issued January 30, 2012. (ECF No. 16-9.) Meloan filed the instant Petition for a writ of habeas corpus on June 15, 2012.[1] (ECF No. 1.)

**FEDERAL HABEAS ISSUES**

Meloan raises the following grounds in his federal Petition for a writ of habeas corpus:

**Ground One:** Ineffective Assistance of Counsel.
**Supporting Facts:** The facts which underlie this claim are (a) The same attorney represented applicant and his wife, thereby creating a conflict of interest; (b) petitioner was never advised of right to appeal; (c) counsel compelled petitioner to give information implicating him in crime, violation of 5th Amendment protection

---

[1] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



against self-incrimination; (d) counsel was not prepared for trial; (e) as the charges were well over 35-40 years old, statutes of limitations should have precluded prosecution, for there was no existence of substantial circumstantial evidence upon which to establish a beyond a reasonable doubt conviction standard. (6th Amend violation); (e) [*sic*] Plea was entered involuntarily.

**Ground Two:**  Actual Conflict of Interest in Representation.
**Supporting Facts:**  Counsel represented me in a pro hac vice capacity and therefore was not well versed on South Carolina law, and he represented both me and my wife at the same time in the State's prosecution of this criminal action.  Thus, under the purported theory to 'spare my wife and family' from any further humiliation or 'possible prosecution' in the crime, I should enter a guilty plea and thereby absolve them of any culpability.

**Ground Three:**  Violation of Eighth (8th) Amendment to U.S. Const. "Cruel & Unusual Punishment"
**Supporting Facts:**  In light of my age (79 yrs.) and in consideration of my medical condition (diabetes, congestive heart failure, sleep apnea, gout, hypertension, hyperlipidemia, nephropathy, and major depressive disorder) and the list of medications I've been prescribed for my maladies (gilpizide, potassium chloride, lasix, combivent, requip, ambien, Celexa, Allopurinol, Prevacid, Metoprolol, Norvase to name a few), my sentence (78 yrs) amounts to cruel & unusual punishment.

(See ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary

judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Meloan's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the



judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Meloan's conviction became final ten days after October 9, 2007, the date of his plea and sentencing, as this was the last date on which he could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . ., a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, his conviction became final on October 19, 2007. Accordingly, the limitations period began to run on October 20, 2007 and expired October 19, 2008,[2] unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year).

Meloan filed his state PCR application on September 29, 2008. At that point, 346 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of Meloan's PCR action until January 30, 2012, when the South Carolina Supreme Court issued the remittitur from its order denying Meloan's certiorari petition. At this time, Meloan had 19 days of statutory time remaining, which means that Meloan had until

---

[2] October 19, 2008 was a Sunday; therefore, Meloan had until the following Monday, October 20, 2008 to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").



February 18, 2012[3] to file a timely federal habeas corpus petition. Meloan's federal Petition was filed on June 15, 2012—over three months after the expiration of the statute of limitations.

**C.     Meloan's Arguments**

In his opposition memorandum to the respondent's motion, Meloan argues that he is entitled to equitable tolling because his family members "deliberately withheld information as to the status of petitioner's case." (See Petr.'s Resp Opp'n Summ. J., ECF No. 20 at 3.) In support of this argument, Meloan attaches an affidavit from his son, Andrew Meloan, who avers that he requested Edward Meloan's attorney to forward to him "all court rulings relating to any PCR Orders or appeals concerning Edward Meloan, my father" due to his father's "mental state of being" and prior suicide attempts. (A. Meloan Aff. ¶¶ 3-5, ECF No. 20-2 at 2.)

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Meloan must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Holland, 130 S. Ct. at 2562. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339

---

[3] February 18, 2012 was a Saturday; therefore, Meloan had until the following Monday, February 20, 2012 to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3).



F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present:  "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."  Rouse, 339 F.3d at 246.

Meloan has not established grounds for equitable tolling.  Neither Meloan's response nor the accompanying affidavit provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition.  See Pace, 544 U.S. at 418; see also Holland, 130 S. Ct. at 2562.  Moreover, to the extent that Meloan alleges that he is entitled to equitable tolling due to lack of knowledge of the statute of limitations, Meloan's argument is unavailing.  See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks and citations omitted).

### RECOMMENDATION

Based upon the foregoing, the court finds that Meloan's Petition was not timely filed and is therefore barred by § 2244(d).  Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 15) be granted and Meloan's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 14, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).