IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Edward Fowler Meloan, | ) | C/A NO. 0:12-1680-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Robert Stevenson, Warden BRCI, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* motion for reconsideration. ECF No. 32. Attached to Petitioner's motion is an affidavit of Petitioner's PCR counsel, James H. Moss, Esquire. ECF No. 32-1. Respondent filed opposition to Petitioner's motion on May 17, 2013.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

In support of his motion for reconsideration, Petitioner supplies the affidavit of James H. Moss, Esquire, who represented Petitioner in his state Post-Conviction Relief (PCR) efforts.

Moss attests that

1

> at[] Andrew Meloan's request and instructions, [ ] I was to forward all court rulings relating to any PCR Orders or Appeals concerning [Petitioner] to him, Andrew Meloan. [ ] That I was not to forward [Petitioner] any adverse court rulings on the account of [Petitioner's] mental state of being. . . . [ ] That because of these instructions from Andrew Meloan, his father, [Petitioner] never had knowledge nor was aware of any statutes of limitations or tolling periods in [ ] connection[ ] with filing deadlines in the post-conviction matters.

Aff. of James H. Moss at ¶ 2-3, 5 (ECF. No. 32-1).

Respondent argues that not only is the submission of Moss's affidavit untimely, the affidavit "does not explain how Petitioner came to file his federal habeas petition when he did. The Affidavit simply fails to provide facts sufficient to support equitable tolling." Resp't Resp. to Mot. for Recon. at 4 (ECF No. 35).[1]

The court agrees with Respondent. Petitioner was aware of issues relating to the timeliness of his § 2254 petition and had sufficient time to seek and provide counsel's affidavit while this matter was pending before the court. Moreover, the affidavit fails to provide any information about when Petitioner was informed about the dismissal of his PCR and the denial of Petitioner's subsequent writ of certiorari to the South Carolina Supreme Court, and by whom. Even assuming counsel's purported failure to notify Petitioner constituted an "extraordinary circumstance" which prevented Petitioner from filing his § 2254 on time, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), Petitioner has not shown that he was "pursuing his rights diligently," *id*., during the time between the end of the statutory time for filing the petition and when the petition was actually filed.

---

[1] Respondent also argues that "the failure of [counsel] to advise him of the statute of limitations or mis-advice from counsel [regarding the statute of limitations]" is not an "extraordinary circumstance" which warrants equitable tolling. Resp't Resp. to Mot. for Recon. at 2 (ECF No. 35). Because, as discussed *infra*, Petitioner cannot show that he pursued his rights diligently, the court does not reach this issue.

Accordingly, Petitioner's motion for reconsideration is **denied**.[2]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 30, 2013

---

[2]Petitioner's motion for certificate of appealability, contained in the motion for reconsideration, is denied for the reasons indicated in the Opinion and Order filed April 9, 2013. ECF No. 29.

3